Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Daniel G. Shay, Esq. (SBN:250548)
danielshay@SanDiegoBankruptcyNow.com
**LAW OFFICE OF DANIEL G. SHAY**
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile: (866) 431-3292

Additional Attorneys for Plaintiff
on Signature Page

*Attorneys for Plaintiff,*
Keisha Newsom

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEISHA NEWSOM, individually and on behalf of others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>LS HOLDINGS GROUP, LLC, D/B/A LENDVANTAGE<br><br>Defendant. | **Case No:** 16CV3120 BEN AGS<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br>1. **NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227 ET SEQ.**<br>2. **WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227 ET SEQ.**<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

1. Keisha Newsom, ("Plaintiff"), through Plaintiff's attorneys, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of LS Holdings Group, LLC d/b/a LendVantage, ("Defendant"), in negligently or intentionally contacting Plaintiff on Plaintiff's cellular telephones and leaving Plaintiff pre-recorded and artificial messages, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff allege as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." *Id*. at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

### JURISDICTION AND VENUE

6. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA").

8. Plaintiff is a natural person who resided in the City of San Diego, County of San Diego, State of California at the time of illegal acts.

9. Plaintiff resided in San Diego County, as defined by 28 U.S.C. § 1391c(1), the judicial district in which this lawsuit is brought.

10. Defendant is a limited liability company funding businesses by offering loans and other financial products.

11. Defendant made unwanted calls to Plaintiff's cellular number, while it had no permission to do so, and therefore, failed to comply with federal laws.

12. Because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and Plaintiff resided in City and County of San Diego, venue is proper pursuant to 28 U.S.C. § 1391b(2).

13. At all times relevant, Defendant conducted business within the State of California by making unconsented autodialed telephone calls to Plaintiff.

14. Because Defendant's continuously and systematically conducts business in the State of California and the instant unlawful phone calls took place in California, personal jurisdiction is established.

15. By making unconsented autodialed telephone calls, Defendant has violated consumers' statutory rights and has caused consumers actual harm of paying for these unwanted calls and suffering from an invasion of privacy.

**PARTIES**

16. Plaintiff, Keisha Newsom ("Plaintiff") was a resident in the City of San Diego, State of California at the time of the illegal acts alleged herein.

17. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

18. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a Delaware limited liability company, with its headquarters based in Henderson, Nevada.

19. Defendant, is and at all times mentioned herein was, a limited liability company and is a "person," as defined by 47 U.S.C. § 153 (39).

//
//
//
//
//

## FACTUAL ALLEGATIONS

20. Sometime on or around August 4, 2015, Plaintiff began receiving telephone calls from Defendant on her cellular telephone ending with "2981" via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), using "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

21. At all material times hereto, Plaintiff did not provide Defendant with her "prior express consent" nor a "written consent" to receive Defendant's telephone calls on her cellular phone ending with "2981," as proscribed under 47 U.S.C. § 227.

22. Defendant called on Plaintiff's cellular phone ending with "2981" twice on August 4, 2015, at 12:19 p.m. and at 12:45 p.m.

23. Upon information and belief, Defendant regularly makes autodialed telephone calls to individuals to solicit its products or affiliated companies.

24. Upon information and belief, Defendant's phone calls on August 4, 2015, were made solely to solicit Defendant's products and offers to Plaintiff.

25. The calls from Defendant came from phone numbers including, but not limited to, 786-607-1818.

26. Upon information and belief, Defendant's calls were made with an ATDS. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

27. Through this action, Plaintiff suffered an invasion of her legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

28. Plaintiff was personally affected because she was frustrated and distressed that despite never providing Defendant with her cellular phone number, Defendant continued to harass Plaintiff with calls using an ATDS.

//

29. Defendant's calls forced Plaintiff to live without the utility of Plaintiff's cell phone by forcing her to silence her cell phone and/or block incoming numbers.

30. Plaintiff is informed and believes and here upon alleges, that these calls were made by Defendant or Defendant's agent, with Defendant's permission, knowledge, control and for Defendant's benefit.

31. Plaintiff's telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

32. These telephone calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

33. These telephone calls by Defendant or its agents violated 47 U.S.C. § 227(b)(1).

34. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

35. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and distressed that, Defendant interrupted Plaintiff with unwanted calls using an ATDS.

36. Defendant's calls forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted calls, causing a nuisance and lost time.

### CLASS ACTION ALLEGATIONS

37. Plaintiffs and the members of the Class have all suffered an injury in fact as a result of the Defendant's unlawful conduct.

38. The "Class Period" means four (4) years prior to the filing of the Complaint in this action.

//

39. Plaintiff brings this action on behalf of herself and on behalf of the following similarly situated Class consisting of:

> All persons within the United States who received any telephone calls from Defendant or its agent/s and/or employee/s, not sent for emergency purposes, to said persons' cellular telephones made through the use of any automatic telephone dialing system and/or with an artificial or prerecorded voice within the four years prior to the filing of this Complaint.

40. Defendant and its employees or agents are excluded from the Class. Plaintiff reserves the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

41. *Ascertainability*. The members of the class are readily ascertainable from Defendant's records and/or Defendant's agents' records by searching and reviewing Defendant's call logs to individuals' cellular phones and cross-referencing the call logs with Defendant's database indicating which individuals provided Defendant with prior express consent to be contacted.

42. *Numerosity*. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records.

43. *Typicality*. Plaintiff's claims are typical to the claims of the proposed Class members because Plaintiff received calls using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's express prior consent. Plaintiff is advancing the same legal claims and theories on behalf of herself and all absent members of the Class. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury

and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.  Furthermore, Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways:

- Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendant, either directly or through its agents, illegally contacting Plaintiff and the Class members via their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

44. ***Existence and Predominance of Common Questions of Law and Fact.*** There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members, including, but not limited to, the following:

- Whether, within the four years prior to the filing of this Complaint, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;
- Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

//

- Whether Defendant should be enjoined from engaging in such conduct in the future.

45. ***Adequacy of Representation.*** Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class. Plaintiff has retained counsel experienced in consumer protection laws, including TCPA class actions.

46. ***Superiority***. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims. Individualized litigation would create the danger of inconsistent and/or contradictory judgments arising from the same set of facts. Individualized litigation would increase the delay and expense to all parties and the courts and the issues raised by this action. The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against the Defendants. The injury suffered by each individual member of the proposed Class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's unlawful and unconsented calls to Plaintiff's cellular phones. It would be virtually impossible for the members of the proposed Class to individually redress effectively the wrongs to them.

47. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class

action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

48. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE

## TELEPHONE CONSUMER PROTECTION ACT (TCPA)

## 47 U.S.C. § 227

49. Plaintiff repeats, re-alleges, and incorporates by reference, all of the above paragraphs of this Complaint as though fully stated herein.

50. Plaintiff brings this claim on behalf of the Class.

51. The foregoing acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, 47 U.S.C. 227 et. seq.

52. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

53. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

//
//
//
//
//

## SECOND CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE

## TELEPHONE CONSUMER PROTECTION ACT (TCPA)

### 47 U.S.C. § 227

54. Plaintiff repeats, re-alleges, and incorporates by reference, all of the above paragraphs of this Complaint as though fully stated herein.

55. Plaintiff brings this claim on behalf of the Class.

56. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

57. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

### Prayer For Relief

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- That the action regarding each violation of the TCPA be certified as a class action on behalf of the Class and requested herein;
- That Plaintiff be appointed as a representative of the Class;
- That Plaintiff's counsel be appointed as counsel for the Class;
- Statutory damages of $500.00 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) for each plaintiff and putative Class;
- Statutory damages of $1,500.00 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

- Pursuant to 47 U.S.C § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
- any and all other relief that this Court deems just and proper.

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**HYDE & SWIGART**

Date:  December 30, 2016                    By:  s/Joshua Swigart
                                                 Joshua B. Swigart, Esq.
                                                 josh@westcoastlitigation.com
                                                 *Attorney for Plaintiff*

Additional Attorneys for Plaintiff:

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fisher Avenue, Unite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523